# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT "DAN" EVELAND, WILLIAM ELLNER, STEVEN NIENHOUSE, DARREN WILLIAMS, ANDREW WOODHEAD, DONALD "TONY" CHAMP, LICOLE MCKINNEY, NICK SCANGA, JOHN FISCHER, TIMOTHY SCHULTZ, TED CHRUN, KEVIN HERDLER, MICHAEL VINCENT, TED ELLIS, JOSEPH NEA, JESSICA JACKSON, AND DAVE HUMMEL, | Cause No:    4:22-CV-1068 |
| Plaintiffs | **JURY TRIAL DEMANDED** |
| v. | |
| CITY OF ST. LOUIS, | |
| DANIEL ISOM, in his capacity as Director of the St. Louis Department of Public Safety | |
| and, | |
| THE FIREFIGHTERS INSTITUTE FOR RACIAL EQUITY, INC.<br>**Serve:** Althea Johns<br>225 S. Meramec, Suite 325<br>Clayton, MO 63105 | |
| Defendants. | |

## COMPLAINT

COME NOW Plaintiffs Robert "Dan" Eveland, William Ellner, Steven Nienhouse, Darren Williams, Andrew Woodhead, Donald "Tony" Champ, Licole McKinney, Nick Scanga, John Fischer, Timothy Schultz, Ted Chrun, Kevin Herdler, Michael Vincent, Ted Ellis, Joseph Nea, Jessica Jackson, and Dave Hummel and state:

1

1. Plaintiffs Robert "Dan" Eveland, William Ellner, Steven Nienhouse, Darren Williams, Andrew Woodhead, Donald "Tony" Champ, Licole McKinney, Nick Scanga, John Fischer, Timothy Schultz, Ted Chrun, Kevin Herdler, Michael Vincent, Ted Ellis, Joseph Nea, Jessica Jackson, and Dave Hummel are individuals who are employed by the Defendant City of St. Louis as firefighters, working in the City of St. Louis Fire Department.

2. Defendant City of St. Louis (the "City") is a constitutional charter city of the State of Missouri.

3. Defendant Daniel Isom is Director of the St. Louis Department of Public Safety and is sued in his official capacity only.

4. Defendant The Firefighters Institute For Racial Equality, Inc. ("F.I.R.E.") is a nonprofit corporation organized and existing under the laws of the State of Missouri in the City of St. Louis. It states that it represents the interests of black firefighters who work for the City. F.I.R.E. is named as a Defendant in this action because Plaintiffs believe it is an interested Party in this controversy, although no relief is sought from F.I.R.E.

**JURISDICTION AND VENUE**

5. This action arises, in large part, under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331, 1343(a) and it exercises supplemental jurisdiction over the breach of contract claim herein pursuant to 42 U.S.C. § 1367(a).

6. Venue in the Eastern District of Missouri is proper under 28 U.S.C. § 1391(b) because all Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims herein took place within this district.

## CAUSES OF ACTION

### Count I

**42 U.S.C. § 1983: Violation of Rights Under the Fourth and Fourteenth Amendments**

7. On August 16, 2017, this Court entered an order in a lawsuit styled <u>Green v. City of St. Louis</u> that was filed in this Court and assigned cause # 4:15-cv-01433-RWS ("Prior Suit"). The Order granted a Notice of Voluntary Dismissal With Prejudice as to the Prior Suit, see Doc. 74 in that action. That Order approved the filing of "[a] copy of the fully-executed settlement agreement [to ensure it] is part of the permanent record of this case". <u>Id</u>. A copy of that settlement agreement is filed herewith as Exhibit 1 ("Settlement Agreement"). Each of the Plaintiffs is a City of St. Louis firefighter who is designated on a certain Eligible List; i.e., the one that was in existence as of the August 17, 2017 filing of the Settlement Agreement ("Eligible List").

8. One of the purposes of the Settlement Agreement was to "[p]ut into place a set of agreed-upon future promotional examination practices …." Settlement Agreement, p. 1, ¶ (b).

9. The Settlement Agreement requires that, "[t]he current Eligible Lists for Fire Captain and Fire Battalion Chief generated as a result of the 2013 promotional examinations will continue to be used until … new [Eligible Lists are certified] … The City will not intentionally delay promotions from the current lists in anticipation of new lists being certified …." Settlement Agreement, p. 3, ¶ 1.

10. "The Director will promptly certify candidates from an Eligible List upon completion of appeals and will not delay certifying candidates on an existing list an opportunity to be promoted off of that list". Settlement Agreement, p. 12, ¶ 11.

11. The Settlement Agreement is explicitly crafted to reflect the signatories' intent to benefit a couple of "identifiable persons [and] class[es]". Hilliker Corporation v. Watson Property, --- S.W. 3d ---, 2022 WL 97284, * 2 (Mo. App. E.D. January 11, 2022). One such class and group of persons consists of persons whose names appeared on the Eligible List, including each of the Plaintiffs. The Settlement Agreement was designed to ensure that all City of St. Louis firefighters whose names appeared on the Eligible List would in fact be promoted promptly once an applicable vacancy occurred until a subsequent examination was conducted and a new list of eligibles was certified.

12. However, in February, 2022, the City of St. Louis Public Safety Director, Defendant Daniel Isom, directed that promotions off the Eligible List not occur. By imposing the moratorium, the Defendant City committed an egregious violation of, and continues to egregiously violate, its core obligations under the Settlement Agreement. Defendant Isom, in his capacity as Director of the City's Department of Public Safety, was the final decision-maker who formulated the policy that the City would violate the Settlement Agreement and carried out the City's violations of the Settlement Agreement. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986).

13. Plaintiffs McKinney and Vincent were Plaintiffs in the Prior Suit, and thus are direct beneficiaries of the Settlement Agreement. The remaining Plaintiffs are clearly third party beneficiaries of the Settlement Agreement and have standing under Missouri law to enforce those third-party beneficiary rights thereunder. Andres v. Albano, 853 S.W. 2d 936, 942 (Mo. banc 1993).

14. Under the attendant circumstances, Plaintiffs have due process-protected property interests not only in their places on the Eligible List, but in their actual right to be promoted once

4

an appropriate vacancy occurs.  Lanton v. City of Chicago, 2016 WL 4378973, * 9 (N.D. Ill. 2016).  These constitutional rights can be vindicated through the due process-property right claims they pursue herein under 42 U.S.C. §§ 1983, 1988.  Notably, pursuant to the Settlement Agreement, Defendant City, and its employees and officials were and are obligated to promote in strict accordance with the terms of the Settlement Agreement and the Eligible List, and to advance Plaintiffs, and other firefighters whose names appear on the promotion list up the list as each promotion off the list would be made.  This strict legally binding process is what the Settlement Agreement requires, thereby entirely distinguishing these circumstances from those in more typical scenarios in which employees have been found to lack a property interest in promotion due to applicable laws that provided promoting authorities with discretion as to promotions.  Significantly, vacancies have occurred that, in accordance with Settlement Agreement, certain of these Plaintiffs were entitled to be promoted into; and some of these Plaintiffs would have moved up the Eligible List, thereby becoming closer to actual promotion, by virtue of the first group of Plaintiffs promotion off the Eligible List.

15. Thus, Defendant City has unlawfully frustrated the Plaintiffs' contractual and due process-protected rights to move up, and ultimately off, the Eligible List into higher, and more remunerative and prestigious[1] positions within the City's Fire Department.  Plaintiffs are therefore entitled to money damages that will compensate them for employment compensation deprivations they have suffered by virtue of being denied their rights to move up, and successfully off, the Eligible List, and declaratory and injunctive relief that will cause the Defendant and Defendant Isom to fully comply with their legal obligations under the Settlement Agreement.

---

[1] The prestige associated with a particular position of employment is a significant and valuable characteristic of a particular job.  Maldrow v. City of St. Louis, 30 F. 4th 680, 691 (8th Cir. 2022).

16. Finally, pursuant to 42 U.S.C. § 1988, the Plaintiffs are entitled to an award of their attorneys' fees and litigation costs incurred herein.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

1. Awarding each of the Plaintiffs' compensatory damages against all Defendants in an amount to be determined at trial;

2. Enjoining Defendants from deviating from the terms of the Settlement Agreement and Eligible List until a subsequent examination is conducted and a new list of eligibles is certified;

3. Awarding Plaintiffs their reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

4. Directing such other and further relief for the Plaintiffs as the Court may deem just and proper.

## Count II

### Supplemental Claim For Breach of Contract

17. Plaintiffs incorporates by reference ¶¶ 1 through 16, above.

18. Defendant City, based on its violations of the Settlement Agreement described above, has materially breached the terms of the Settlement Agreement and doggedly persists in materially breaching those terms.

19. Each of the Plaintiffs has been caused to suffer damages as a consequence of one or more of those material breaches.

20. Each of the Plaintiffs has fully and timely performed all of her or his obligations under the Settlement Agreement.

6

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

(a) Awarding each of the Plaintiffs' compensatory damages against all Defendants in an amount to be determined at trial;

(b) Enjoining Defendants from deviating from the terms of the Settlement Agreement and Eligible List; and

(c) Providing Plaintiffs with such other relief as is just.

**Respectfully submitted,**

**KISTNER, HAMILTON, ELAM & MARTIN, LLC**

By: /s/ Elkin L. Kistner
    Elkin L. Kistner                #35287MO
    Sean M. Elam                  #56112MO
    William E. Kistner          #70540MO
    1406 North Broadway
    St. Louis, MO 63102
    Telephone: (314) 783-9798
    Facsimile:  (314) 944-0950
    E-mail: elkinkis@law-fort.com
    E-Mail: smelam@law-fort.com
    E-mail: bill@law-fort.com
    *Attorneys for Plaintiffs*

**HAMMOND AND SHINNERS, P.C.**

By: /s/ Emily R. Perez
    Emily R. Perez               #62537MO
    13205 Manchester Rd., Suite 210
    St. Louis, MO 63131
    Telephone: (314) 727-1015
    Facsimile:  (314) 727-6804
    E-mail: eperez@hammondshinners.com
    *Co-Counsel for Plaintiff*